

# THE ATTORNEY GENERAL
# OF TEXAS

### AUSTIN 11, TEXAS

**WILL WILSON**
**ATTORNEY GENERAL**

February 18, 1958

Hon. William A. Harrison
Commissioner of Insurance
State Board of Insurance
Austin 14, Texas

Opinion No. WW-284-A

Re: Amount of a vendor's
lien note that may be car-
ried by an insurance com-
pany against a building which
was previously the home of-
fice of the insurance company.

Dear Mr. Harrison:

We have for reconsideration your opinion request submitted to this
office on October 9, 1957, and in answer to which we released to you on
October 23, 1957, our Opinion Number WW-284. Your request for the
opinion at that time reads as follows:

"Article 3.40 of the Texas Insurance Code
authorizes a life insurance company to own a home office
building with no limitation on the amount of the value of
the building that may be admitted as an asset except that
the total investment of the company in the building must
not be in excess of 33-1/3% of the company's total ad-
mitted assets. Article 3.39, Section 2, authorizes a life
insurance company to invest in first liens upon real es-
tate, the title to which is valid and the value of which is
40% more than the amount loaned thereon.

"ABC Life Insurance Company owns a home
office building which has a value of $100,000, which amount
is less than 33-1/3% of the total admitted assets of the com-
pany. In this situation the entire value of the building would
be an admitted asset. ABC Life Insurance Company then
sells the building to a purchaser for $100,000 with no down
payment and takes a vendor's first lien mortgage upon the
building in the amount of $100,000. We respectfully re-
quest your opinion as to whether the entire $100,000 mort-
gage is admissible, or whether the company must receive
sufficient down payment to make this mortgage a proper
investment under the requirements of Section 2 of Article
3.39?"

Section 2 of Article 3.39, Texas Insurance Code, is in part as
follows:

"It may also make loans upon first liens upon
real estate, the title to which is valid and the value of which
is forty (40%) percent more than the amount loaned thereon.
. . ."

Under the factual situation contained in your request, the insurance company has sold its home office building for a consideration consisting of a vendor's lien note in the sum of $100,000, which represents the total sale price of the building. Article 3.40 prohibits the investment of more than 33-1/3% (50% with permission of the Board) of its admitted assets in home office property provided, however, that surplus funds over and above such percentage may be invested in home office property so long as such surplus investment is not shown as an admitted asset. The superior title to a building sold under these circumstances remains in the seller and so the company's equity remaining in the building must be considered an investment in home office property and must be considered in calculating the percentage permitted to be invested in this category of property. The company may elect to treat this transaction as a completed sale by selling for cash and simultaneously lending part of the purchase price via a first mortgage. This would remove the investment from the category of home office property but the mortgage would be a loan and fall under Section 2 of Article 3.39.

Our Opinion No. WW-284, released under date of October 23, 1957, is hereby withdrawn and this opinion is substituted in lieu thereof.

## SUMMARY

Where a life insurance company sells home office property retaining vendor's lien, the amount of the note so secured must be considered an investment in home office property and must be considered in calculating the percentage of investment permitted in this category of property by Article 3.40.

Yours very truly,

WILL WILSON
Attorney General of Texas

C. K. Richards
Assistant

Fred B. Werkenthin
Assistant

FBW:dac
APPROVED:
OPINION COMMITTEE:
Geo. P. Blackburn, Chairman
Houghton Brownlee, Jr.
Marietta Payne
REVIEWED FOR THE ATTORNEY GENERAL
BY: W. V. Geppert